# THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# CIVIL CASE NO. 1:12-cv-00135-MR-DLH

| | |
|---|---|
| CANDICE FRANKLIN,  )<br>)<br>Plaintiff,  )<br>)<br>vs.  )<br>)<br>CAROLYN W. COLVIN, Acting  )<br>Commissioner of Social Security,  )<br>)<br>Defendant.  )<br>_____  ) | **MEMORANDUM OF DECISION AND ORDER** |

**THIS MATTER** is before the Court on the Plaintiff's Motion for Judgment on the Pleadings [Doc. 10] and the Defendant's Motion for Summary Judgment [Doc. 14].

## I. PROCEDURAL HISTORY

The Plaintiff Candice Franklin filed an application for a period of Title II disability insurance benefits and Title XVI supplemental security income on March 17, 2010, alleging that she had become disabled as of May 1, 2009. [Transcript ("T.") 77, 192]. The Plaintiff's application was denied initially on July 30, 2010, [T. 139], and was denied again upon reconsideration on November 5, 2010. [T. 146]. Upon the Plaintiff's

request for a rehearing, a hearing was held before an Administrative Law Judge ("ALJ") on September 16, 2011 via video conference. [T. 43-74]. On October 11, 2011, the ALJ issued an unfavorable decision. [T. 21]. On May 22, 2012, the Appeals Council denied the Plaintiff's request for review, thereby making the ALJ's decision the final decision of the Commissioner. [T. 1]. The Plaintiff has exhausted all available administrative remedies, and this case is now ripe for review pursuant to 42 U.S.C. § 405(g).

## II. STANDARD OF REVIEW

The Court's review of a final decision of the Commissioner is limited to (1) whether substantial evidence supports the Commissioner's decision, see Richardson v. Perales, 402 U.S. 389, 401 (1971), and (2) whether the Commissioner applied the correct legal standards, Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990). The Court does not review a final decision of the Commissioner de novo. Smith v. Schweiker, 795 F.2d 343, 345 (4th Cir. 1986).

The Social Security Act provides that "[t]he findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive. . . ." 42 U.S.C. § 405(g). The Fourth Circuit has defined "substantial evidence" as "more than a scintilla and [doing] more than creat[ing] a suspicion of the existence of a fact to be established.

2

It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Smith v. Heckler, 782 F.2d 1176, 1179 (4th Cir. 1986) (quoting Perales, 402 U.S. at 401).

The Court may not re-weigh the evidence or substitute its own judgment for that of the Commissioner, even if it disagrees with the Commissioner's decision, so long as there is substantial evidence in the record to support the final decision below. Hays, 907 F.2d at 1456; Lester v. Schweiker, 683 F.2d 838, 841 (4th Cir. 1982).

## III. THE SEQUENTIAL EVALUATION PROCESS

In determining whether or not a claimant is disabled, the ALJ follows a five-step sequential process. 20 C.F.R. §§ 404.1520, 416.920. If the claimant's case fails at any step, the ALJ does not go any further and benefits are denied. Pass v. Chater, 65 F.3d 1200, 1203 (4th Cir. 1995).

First, if the claimant is engaged in substantial gainful activity, the application is denied regardless of the medical condition, age, education, or work experience of the applicant. 20 C.F.R. §§ 404.1520, 416.920. Second, the claimant must show a severe impairment. If the claimant does not show any impairment or combination thereof which significantly limits the claimant's physical or mental ability to perform work activities, then no severe impairment is shown and the claimant is not disabled. Id. Third, if

the impairment meets or equals one of the listed impairments of Appendix 1, Subpart P, Regulation 4, the claimant is disabled regardless of age, education, or work experience. Id. Fourth, if the impairment does not meet the criteria above but is still a severe impairment, then the ALJ reviews the claimant's residual functional capacity ("RFC") and the physical and mental demands of work done in the past. If the claimant can still perform that work, then a finding of not disabled is mandated. Id. Fifth, if the claimant has a severe impairment but cannot perform past relevant work, then the ALJ will consider whether the applicant's residual functional capacity, age, education, and past work experience enable the performance of other work. If so, then the claimant is not disabled. Id.

## IV. THE ALJ'S DECISION

On October 11, 2011, the ALJ issued a decision denying the Plaintiff's claims. [T. 24-36]. Proceeding to the sequential evaluation, the ALJ found that the Plaintiff's date last insured was June 30, 2014 and that she had not engaged in substantial gainful activity since May 1, 2009. [T. 26]. The ALJ then found that the medical evidence established the following severe impairments: degenerative disc disease and status post 2 back surgeries, chronic reflex sympathetic dystrophy (also known as complex regional pain syndrome), fibromyalgia, bilateral ankle osteoarthritic

4

degenerative changes, plantar fasciitis, obesity, anxiety, and major depressive disorder. [T. 27]. The ALJ determined that none of Plaintiff's impairments met or equaled a listing. [Id.].

The ALJ then assessed the Plaintiff's residual functional capacity (RFC), finding that the Plaintiff had the ability to perform light work as defined in 20 C.F.R. § 404.1567(b) and 20 C.F.R. § 416.967(b) except:

> [she] is limited to occasional posturals with no climbing of ladders, ropes or scaffolds. Further, she must avoid concentrated exposure to hazards, and she must be able to sit or stand at her option. Mentally, the claimant is limited to simple, routine, repetitive jobs; she works better with things than people, and she works better in jobs with a low stress environment.

[T. 30]. The ALJ found that the Plaintiff was unable to perform any past relevant work. [T. 34]. Further, the ALJ noted that the transferability of job skills was not material to the determination of the Plaintiff's disability because the Medical-Vocational Rules framework supported a finding of "not disabled." [T. 34-35]. Finally, the ALJ concluded that there are jobs that exist in significant numbers in the national economy that the Plaintiff could perform. [T. 35].

## V. DISCUSSION[1]

The Plaintiff asserts that the ALJ erred in his evaluation of the medical opinions in this case in violation of 20 C.F.R. § 404.1527. [Doc. 11 at 13]. Specifically, the Plaintiff asserts the following: (1) that the ALJ did not consider the medical opinion of Dr. Mangone, who diagnosed and treated the Plaintiff's reflex sympathetic dystrophy; (2) that the ALJ did not properly consider the opinion of the medical expert Dr. Blickenstaff at the Plaintiff's hearing; and (3) that the ALJ erred by "casting aside" Dr. Lang's opinion. [Doc. 11 at 14].

An ALJ must evaluate every medical opinion received in the record, regardless of its source. 20 C.F.R. § 404.1527(c). In evaluating the weight of a medical source, the ALJ must consider certain factors including: the examining relationship, the length of the treatment relationship, the frequency of examination, the nature and extent of the treatment relationship, the supportability of the medical source, the consistency of the medical source, the specialization of the provider, and any other factors which tend to support or contradict the opinion. 20 C.F.R. § 404.1527(c)(1-6). An ALJ must give controlling weight to the opinion of a claimant's treating physician when the opinion concerns the nature and severity of an

---
[1] Rather than set forth a separate summary of the facts in this case, the Court has incorporated the relevant facts into its legal analysis.

impairment, is well supported by medically acceptable clinical and laboratory diagnostic techniques, and is not inconsistent with the other substantial evidence in the case record. 20 C.F.R. § 404.1527(c)(2). Thus, an opinion of a treating physician is not entitled to controlling weight if it is unsupported by medically acceptable clinical and laboratory diagnostic techniques and/or inconsistent with other substantial evidence of record. Id.; see also Rogers v. Barnhart, 204 F.Supp.2d 885, 893 (W.D.N.C. 2002) ("Even the opinion of a treating physician may be disregarded where it is inconsistent with clearly established, contemporaneous medical records").

**A. Dr. Mangone's Opinion**

The Plaintiff claims that the ALJ "did not even consider the medical opinion of Dr. Mangone, who diagnosed and treated Ms. Franklin's RSD for several years." [Doc. 11 at 14]. Specifically, the Plaintiff points to Dr. Mangone's statement in April 2005 that the Plaintiff would "be discharged on modified duty, which would be permanent restrictions of sit down duties only with limited weightbearing" due to her ankle injury and her persistent synovitis and neuritis. [Id.; T. 361].

In his decision, the ALJ noted Dr. Mangone's diagnosis and treatment of the Plaintiff in 2008, but did not refer to the doctor's treatment of her in 2005. [T. 31]. The ALJ did not err in failing to consider Dr. Mangone's

7

2005 treatment of the Plaintiff or his statement regarding a "permanent" restriction upon her since that time period was over four years prior to the Plaintiff's alleged disability onset date of May 1, 2009. [T. 361]. The ALJ's failure in omitting any discussion of Dr. Mangone's treatment of the Plaintiff in 2005 is harmless because the ALJ considered the Plaintiff's physical limitations when tailoring her RFC to a determination of light work with numerous restrictions including a sit/stand option. [T. 30].

Thus, the Plaintiff's assignment of error regarding the ALJ's assessment of Dr. Mangone's opinion is without merit.

**B. Dr. Blickenstaff's Opinion**

The Plaintiff next argues that the ALJ improperly ignored Dr. Blickenstaff's medical opinion that the Plaintiff should not walk or stand for more than four hours per day due to her impairments. [Doc. 11 at 14; T. 68]. The ALJ gave great weight, however, to Dr. Blickenstaff's opinion since he found it "based on objective signs and findings, and . . . consistent with the medical evidence of record." [T. 33]. Although "the full range of light work requires standing or walking, off and on, for a total of approximately 6 hours out of an 8-hour workday," SSR 83-10, *14, the ALJ in this case found that the Plaintiff had an RFC for performing light work with limitations, specifically that "she must be able to sit or stand at her

8

option." [T. 30]. Thus, the ALJ properly considered Dr. Blickenstaff's opinion that the Plaintiff could perform a full range of light work. The ALJ simply conformed the doctor's exertional opinion to the record as a whole when setting his RFC limitations.

Thus, the Plaintiff's assignment of error regarding the ALJ's assessment of Dr. Blickenstaff's opinion is without merit.

### C. Dr. Lang's Opinion

Finally, the Plaintiff takes issue with the ALJ's findings regarding Dr. Lang's opinion. [Doc. 11 at 14-15]. The ALJ acknowledged Dr. Lang's August 2011 findings regarding the Plaintiff, but stated that he gave Dr. Lang's opinion "little weight, as it is not supported by objective medical signs and findings, and it relies heavily upon the claimant's subjective symptoms."[2] [T. 33-34]. "Subjective claims of pain must be supported by objective medical evidence showing the existence of a medical impairment which could reasonably be expected to produce the actual pain, in the

---

[2] The Plaintiff also suggests that the ALJ gave little weight to Dr. Lang's opinion based on other impermissible reasons. [Doc. 11 at 14-15]. The ALJ noted that "the possibility always exists that a doctor may express an opinion in an effort to assist a patient with whom he or she sympathizes for one reason or another. . . While it is difficult to confirm the presence of such motives, they are more likely in situations where the opinion in question departs substantially from the rest of the evidence of record, as in the current case." [T. 34]. Among the factors which the ALJ must consider are the nature and extent of the treatment relationship, the supportability of the medical source, the consistency of the medical source, and any other factors which tend to support or contradict the opinion, according to 20 C.F.R. § 404.1527(c)(2(i), 3, 4, 6). Thus, the ALJ's reasons for his decision were not impermissible.

9

amount and degree, alleged by the claimant." Craig v. Chater, 76 F.3d 585, 591 (4th Cir. 1996). Dr. Lang opined that the Plaintiff's alleged symptoms were consistent with his medical data and observations, [T. 600], and that his "visual observation" and the Plaintiff's medical history supported his assessments of the Plaintiff. [T. 602-04]. Dr. Lang's findings clearly are insufficient because his opinion cites to no reliable medical data. On the contrary, his opinion relies upon the Plaintiff's self-reporting of symptoms. [T. 600 (indicating that "[s]he says that she has been unable to sit longer than two hours out of an eight-hour day[,] . . . stand longer than two hours out of an eight-hour work day, and that she has rested more than four hours out of an eight-hour day . . . She further alleges that she has experienced [symptoms] due to her pain and symptoms.")] Notably, the record is void of any evidence of Dr. Lang's actual treatment or evaluation of the Plaintiff and merely contains references that other medical records were sent to Dr. Lang. [See e.g. T. 504, 553-57, 579-96]. Further, Dr. Lang's findings on the form he completed did not cite any objective support or clinical findings made by any of the Plaintiff's treating physicians. [T. 600-07]. Thus, the ALJ properly considered the supportability of the medical source as he evaluated Dr. Lang's August 2011 opinion, as required by 20 C.F.R. § 404.1527(c)(1-6).

In sum, the ALJ could not give controlling weight to Dr. Lang's opinion; it was not "well-supported by medically acceptable clinical and laboratory diagnostic techniques." 20 C.F.R. § 404.1527(c)(2); Craig, 76 F.3d at 590. Thus, the Plaintiff's assignment of error regarding the ALJ's assessment of Dr. Lang's opinion is without merit.

## VI. CONCLUSION

For the foregoing reasons, the Court concludes that the ALJ applied the correct legal standards, and that there is substantial evidence to support the ALJ's finding of no disability from the date of onset through the date late insured.

## O R D E R

Accordingly, **IT IS, THEREFORE, ORDERED** that the Plaintiff's Motion for Judgment on the Pleadings [Doc. 10] is **DENIED**; the Defendant's Motion for Summary Judgment [Doc. 14] is **GRANTED**; and the Commissioner's decision is hereby **AFFIRMED**. This case is hereby **DISMISSED WITH PREJUDICE**.

A judgment shall be entered simultaneously herewith.

**IT IS SO ORDERED.**  Signed: April 14, 2014

Martin Reidinger
United States District Judge